IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VEHICULAR SCIENCES LLC | § § § § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § § | |
| v. | § § | |
| HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC | § § § § § § § | JURY TRIAL |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff American Vehicular Sciences LLC ("AVS") files this Original Complaint for patent infringement against Defendants Hyundai Motor Company, Hyundai Motor America, and Hyundai Motor Manufacturing Alabama, LLC (collectively "Hyundai").

## PARTIES

1. Plaintiff AVS is a limited liability company existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2. On information and belief, Defendant Hyundai Motor Company is a Korean Company with a place of business at 231 Yangjae-dong, Seocho-gu, Seoul, South Korea 137-938.

1

3. On information and belief, Defendant Hyundai Motor America is a California corporation with a place of business at 10550 Talbert Ave. Fountain View, CA 92708. On information and belief, Hyundai Motor America is a subsidiary of Hyundai Motor Company and responsible for U.S. operations, such as sales, marketing, and distribution for Hyundai Motor Company.

4. On information and belief, Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") is a Delaware limited liability company with its principal place of business at 700 Hyundai Blvd., Montgomery, Alabama 36105.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United State Code.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Hyundai. On information and belief, Hyundai, either directly or through intermediaries, regularly sells products and services into this judicial district and manufactures products intended to be sold and in fact sold into and within this judicial district. Additionally, on information and belief, this Court has personal jurisdiction over Hyundai because Hyundai has committed, aided, abetted, contributed to, induced, and/or participated in the commission of acts within this judicial district giving rise to this action.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400 (b).

**SUMMARY**

9. Dr. David Breed is one of the leading inventors in the field of automotive technology in the world today.

10. Dr. Breed is an inventor on more than 300 United States patents relating to automotive technologies, including airbags, navigation systems, vehicle diagnostics, crash sensors, vehicle communications, systems monitoring, theft protection, and collision avoidance.

11. Dr. Breed has a Ph.D in Mechanical Engineering from Columbia University as well as Bachelors' and Masters' degrees from the Massachusetts Institute of Technology.

12. Dr. Breed has received the National Highway Traffic Safety Administration's Award for Safety Engineering and the prestigious H.H. Bliss award for his contributions to the development of the airbag.

13. Dr. Breed is a member of the Tau Beta Pi and Pi Tau Sigma engineering honors societies and has published numerous peer-reviewed articles.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,746,078**

14. AVS incorporates the foregoing paragraphs as if fully set forth here.

15. On June 8, 2004, the USPTO duly and legally issued United States Patent No. 6,746,078 B2 ("the '078 Patent"), entitled "System And Method For Moving A Headrest Based On Anticipatory Sensing." AVS owns the '078 Patent and holds the right to sue and recover damages for infringement thereof.

16. On information and belief, Hyundai has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '078 Patent in the state of Texas, in this judicial district, and elsewhere within the United States

by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of Accent, Sonata, Tucson, Veracruz, Genesis coupe, Genesis sedan, and Equus product, that include systems and employ methods for moving a headrest based on anticipatory sensing, including but not limited to the Active Head Restraint and Pre-Crash Headrests, that infringe or the use of which infringe one or more claims of the '078 Patent, all to the injury of AVS. Hyundai is thus liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271.

17.  As a result of its infringement of the '078 Patent, Hyundai has damaged AVS. Hyundai is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

18.  AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '078 Patent.

19.  As a result of Hyundai's infringement of the '078 Patent, AVS has suffered and will continue to suffer loss and injury unless Hyundai is enjoined by this Court.

20.  At least as early as its receipt of this Complaint, Hyundai has had knowledge of the '078 Patent and written notice of the infringement.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,604,080

21.  AVS incorporates the foregoing paragraphs as if fully set forth here.

22.  On October 20, 2009, the USPTO duly and legally issued United States Patent No. 7,604,080 B2 ("the '080 Patent"), entitled "Rear Impact Occupant Protection Apparatus And Method." AVS owns the '080 Patent and holds the right to sue and recover damages for infringement thereof.

23. On information and belief, Hyundai has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '080 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles, including but not limited to various model years of Accent, Sonata, Tucson, Veracruz, Genesis coupe, Genesis sedan, and Equus product, that include systems and employ methods for moving a headrest based on anticipatory sensing, including but not limited to the Active Head Restraint and Pre-Crash Headrests, that infringe or the use of which infringe one or more claims of the '080 Patent, all to the injury of AVS. Hyundai is thus liable for infringement of the '080 Patent pursuant to 35 U.S.C. § 271.

24. As a result of its infringement of the '080 Patent, Hyundai has damaged AVS. Hyundai is liable to AVS in an amount to be determined at trial that adequately compensates AVS for the infringement, which by law can be no less than a reasonable royalty.

25. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '080 Patent.

26. As a result of Hyundai's infringement of the '080 Patent, AVS has suffered and will continue to suffer loss and injury unless Hyundai is enjoined by this Court.

27. At least as early as its receipt of this Complaint, Hyundai has had knowledge of the '080 Patent and written notice of the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AVS pray for the following relief:

28. A judgment in favor of AVS that Hyundai has infringed AVS' '078 and '080 patents;

29. A permanent injunction, enjoining Hyundai along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing AVS' '078 and '080 patents;

30. A judgment and order requiring Hyundai to pay AVS damage for its infringement of AVS' '078 and '080 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

31. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AVS its reasonable attorney's fees; and

32. Such other and further relief in law or in equity to which AVS may be justly entitled.

## DEMAND FOR JURY TRIAL

33. Plaintiff demands a trial by jury of any and all issues triable of right before a jury.


Respectfully submitted,

*/s/ Demetrios Anaipakos*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Steven J. Mitby
Texas Bar No. 24037123
smitby@azalaw.com
Brian E. Simmons

Texas Bar No. 24004922
bsimmons@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062


T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Wesley Hill
Texas Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
1127 Judson Rd., Ste. 220
Longview, TX  75601
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323


4849-3936-3345, v.  1